UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**TYLER HARRISON,**                               CASE NO.:

    **Plaintiff,**

v.

**JOHN TATE, SHERIFF,
HOLMES COUNTY, FLORIDA,**

    **Defendant.**
_____/

# COMPLAINT

Plaintiff, TYLER HARRISON, hereby sues Defendant, JOHN TATE, SHERIFF, HOLMES COUNTY, FLORIDA, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under 29 U.S.C. §794 (The Rehabilitation Act of 1973) and 42 U.S.C. §1981a. Plaintiff's claim for gender discrimination is brought under 42 U.S.C. §1983, which authorizes actions to redress the deprivation of law, of rights, privileges, and immunities secured to the Plaintiff by the Fourteenth Amendment of the Constitution and laws of the United States, and by 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction). This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, TYLER HARRISON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of his disability and/or the perception of Plaintiff being disabled.

4. At all times pertinent hereto, Defendant, JOHN TATE, has been Sheriff of the HOLMES COUNTY SHERIFF DEPARTMENT, which has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff began his employment with Defendant as a correctional officer in 2001. He became a certified law enforcement officer around 2006 or 2007 and was a lieutenant over narcotic investigations when he was terminated/constructively discharged in April, 2018.

7. Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his actual or perceived disability and record of impairment.

8. The mistreatment came at the hands of specifically but not limited to Sheriff John Tate.

9. Plaintiff suffers from a serious medical condition of which Defendant was aware. Plaintiff was diagnosed in 2017 with PTSD and had been drinking a lot, suffering from what he began to believe was alcohol abuse due to life events that were occurring at that time.

10. Although Plaintiff did not tell the Defendant Sheriff about the diagnosis of PTSD at that time, the drinking was severe enough that the Defendant, through the Undersheriff, Michael Raley, called Plaintiff and told him that the Sheriff told Raley to call Plaintiff into the office to talk about his drinking. Raley

asked Plaintiff at that time whether his drinking was a problem and Plaintiff said "yes, but I'm working on it."

11.     The Sheriff was also aware that Plaintiff was severely depressed through at least one conversation that Plaintiff's friend, Page Fleming, had with Michael Raley in August, 2017, during which she told Raley that Plaintiff saw his wife with another man and that he was in the middle of a divorce and/or separating from his wife. Fleming told Raley that he may want to reach out to Plaintiff and talk to him to help.

12.     On January 1, 2018, Plaintiff was fighting severe depression and was thinking about killing himself. His mother and a friend responded and the gun that Plaintiff was going to use to kill himself was accidentally discharged after he hit his hand on the steering wheel of his vehicle. A bullet hit Plaintiff in the neck. He was seriously injured and hospitalized.

13.     Upon his release from the hospital, Defendant, through Michael Raley, came to Plaintiff's residence and told him that the Sheriff wanted him to resign. Plaintiff said that he was not crazy and Raley said that if he did not resign, the Sheriff was going to fire him. Plaintiff told Raley at that time that he was suffering from PTSD.

14.     The following day, Plaintiff was offered twelve weeks of leave under

the Family and Medical Leave Act (FMLA), which Plaintiff took.  In the papers that Plaintiff submitted to obtain FMLA leave, his physician wrote that Plaintiff was suffering from an acute stress disorder.  The Defendant thus knew that Plaintiff was suffering from a disabling condition.

15. Upon the conclusion or close to the conclusion of his leave under the FMLA, Raley contacted Plaintiff and told him to resign.  Plaintiff asked him "what if I don't resign" to which Raley responded that the Sheriff had made up his mind and that they would open up an internal investigation and fire him.  That was confirmed by one or more persons contacting Plaintiff to tell him that the Sheriff, or others at his direction, were looking in old policies and files to find something to use to fire Plaintiff.

16. Plaintiff had no other choice but to resign as he was told at that time that he was going to be fired.  Plaintiff was under significant duress.  However, one of the main reasons that Plaintiff resigned was that he was falsely told by Michael Raley that he could return to work with the Sheriff's Office after sitting out one year if he resigned.  That proved to be false.  After his termination, Plaintiff called Michael Raley about being rehired multiple times and he told Plaintiff that he was not permitted to return to work with Defendant- that the Sheriff was not going to rehire him.

5

17. The Sheriff also made certain that no one else in law enforcement would hire Plaintiff either. Based on what Michael Raley told Plaintiff, Defendant Sheriff called every Sheriff and police departments in multiple counties and cities to tell them about the events set forth above regarding Plaintiff shooting himself, which was intended to let them know not to hire Plaintiff. When Plaintiff found out that Tate was ensuring that he would never be hired again in a law enforcement position, he confronted Tate and Tate admitted that he had been contacting other agencies about Plaintiff. His response to Plaintiff's questioning Tate about this was "what did you expect me to do?"

18. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws cited above.

## COUNT I
## HANDICAP DISCRIMINATION

19. Paragraphs 1-18 are re-alleged and incorporated herein by reference.

20. This is an action against Defendant for disability discrimination under 29 U.S.C. §794.

21. Plaintiff has been the victim of discrimination on the basis of his actual and/or perceived disability. During the course of Plaintiff's employment

6

with Defendant, he was treated differently than similarly situated employees who did not have an actual or perceived disability.

22. At all times pertinent hereto, Defendant received and utilized in conducting its functions as provided by law federal financial assistance, such assistance received for the purposes of assisting some or all of the programs and activities of Defendant. On information and belief, the funds received constituting such federal financial assistance were deposited into a general fund or account managed by or on behalf of Defendant.

23. Defendant is liable for the differential treatment of Plaintiff due to his actually and/or perceived to be disabled, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.

24. Defendant controlled the actions and inactions of the persons making decisions effecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

25. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

26. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

27. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability.

28. As a direct and proximate result of Defendant's conduct described above,

29. Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

    (a) that process issue and this Court take jurisdiction over this case;

    (b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's

    obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)   enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)   enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)   enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)   award Plaintiff interest where appropriate; and

(g)   grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 7th day of January, 2018

9

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF